Mr. Arthur Edwards 125 Sheridan Road North Little Rock, AR 72116
Dear Mr. Edwards:
I am writing in response to your request, made pursuant to A.C.A. §25-19-105(c)(3)(B), for my opinion on whether the release of certain records relating to your employment with the Little Rock Convention and Visitors Bureau would be consistent with the Arkansas Freedom of Information Act ("FOIA"). Specifically, the requestor seeks records reflecting your hiring date, your starting pay rate, any pay rate increases, including the dates of the increases, any grievance reports you may have filed against either of two individuals and any claims of prejudice, discrimination or harassment you may have filed against one of these individuals. The custodian of records, responding to a request regarding your and various other people's employment, has generally advised that he intends to release personnel records not subject to any exemption under the FOIA, subject to your right, which you have exercised, to have me review his determination. You have objected to the requestor's demand by suggesting that the information contained in your personnel file "is none of his business."
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA. In the present case, I believe the custodian should release any existing records that contain the requested information relating to your hiring date and salary history. I further believe the custodian should release the remaining requested information, if any, only if he makes a factual determination that doing so is warranted under the applicable standard of review. See discussioninfra. Finally, although the custodian has expressed a general intention "to release your personnel file" unless I indicate otherwise, I do not believe he should release information other than what the requestor has expressly sought.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003). Given that the requested records relate to your public employment, I believe they clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The" unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Op. Att'y Gen. No. 2001-122.
In my opinion the records relating to your hiring date and salary information are clearly "personnel records" for purposes of the FOIA. Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2003).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313.
At issue initially is whether disclosing documents that record an employee's date of hire and salary history would amount to a "clearly unwarranted invasion of personal privacy." Before addressing this question, I should note that the fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra
at 126. Accordingly, I consider it immaterial that you believe that the information the requestor has sought "is none of his business."
In my opinion, documents reflecting this type of information are subject to inspection and copying under the FOIA. See e.g., Ark. Ops. Att'y. Gen. 2004-255; 2004-256; 2004-202; 2002-257; 2002-107. I and my predecessors have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See e.g., Op. Atty. Gen. 2003-298 and 2002-087. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it.
The appropriate analysis is potentially more complicated with respect to grievance reports or claims of prejudice, discrimination or harassment. Assuming you have filed any such documents, the initial question will be whether they qualify as "personnel records" subject to review under theYoung standard discussed above or whether they qualify as "employee evaluation/job performance records," which are subject to a different standard of review pursuant to A.C.A. § 25-19-105(c)(1). As I noted in Ark. Op. Att'y Gen. No. 2003-078:
 With regard to the separate exemption for "employee evaluation/job performance records," although the FOIA does not define this phrase, this office has previously opined that it encompasses, generally, records relating to an employee's performance or lack of performance on the job. See, e.g., Op. Att'y Gen. 2001-055. It includes, in my opinion, records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. See, e.g., Op. Att'y Gen. 2001-063 (Internal Affairs file that was generated at the instance of the Department in the course of investigating a complaint against an employee constitutes "employee evaluation/job performance records" within the meaning of the FOIA).
As I further noted in Ark. Op. Att'y Gen. No. 2004-012:
 [T]his office has consistently interpreted the term to refer to any records that were created by or at the behest of the employer, and that detail the employee's performance or lack of performance on the job. See, e.g., Ops. Att'y Gen. Nos. 2003-257; 2003-015; 2002-263; 2002-210; 2002-158; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. As my predecessor noted in Ark. Op. Att'y Gen. No. 99-339:
 This exemption is limited to records created by or at the behest of the public employer. This conclusion is consistent with previous opinions involving sexual harassment allegations. See, e.g., Op. Att'y Gen. 98-001 (documents received from third parties and not created by the employer as a part of an investigation are not "employee evaluation or job performance records, but might be classified as "personnel records"); Op. Att'y Gen. 96-342 (records not made or given as part of the employing agency's inquiry or investigation are not "job performance records" and are generally subject to disclosure absent the presence of "intimate information" that might give rise to a privacy interest); and Op. Att'y Gen. 96-257 (same). See also Op. Att'y Gen. 99-026 (agreeing with my predecessor's conclusion that documents may be classified as "employee evaluation or job performance records if they were created in the evaluation of the employee's performance"). Documents not created in the evaluation process do not come within the rationale behind the § 25-19-105(c)(1) exemption. That exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See
WATKINS, The Arkansas Freedom of Information Act (mm Press, 3d ed. 1994) at 141-142.
It is a question of fact whether requested documents were created in the course of such an investigative inquiry into an employee's performance on the job. See Ark. Ops. Att'y Gen. Nos. 2001-191 and 2001-184. In my opinion, if the custodian determines that any grievances or claims of prejudice, discrimination or harassment were solicited by your employer, the custodian should review them under the standard for disclosure applicable to employee evaluation/job performance records, as opposed to the standard applicable to personnel records.
The standard for the release of "employee evaluation/job performance records" is set forth at A.C.A. § 25-19-105(c)(1). Specifically, such records are subject to disclosure only under the following three conditions:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Assuming this standard applies, the custodian will need to review the record to determine whether these three conditions have been met.
Determining whether the first two conditions just recited have been met will entail simply reviewing the record. With respect to the third prong of the above recited test, the FOIA at no point defines the phrase "compelling public interest." However, a leading commentator on the FOIA has provided some guidelines for making the factual determination whether such an interest exists. See Watkins, The Arkansas Freedom of InformationAct (m m Press, 3rd ed. 1998). He states, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. at 146. He further observes: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. Elaborating on this point, Watkins remarks: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 147. Professor Watkins additionally notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 146-47 (remarking that, "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")[1]
Finally, I will note that the custodian need not compile a document exclusively setting forth the requested information. See A.C.A. §25-19-105(d)(2)(C) ("A custodian is not required to compile information or create a record in response to a request made under this section."); Ark. Op. Att'y Gen. No. 2004-018.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] I appreciate that a particular document of the sort at issue might simultaneously constitute a personnel record of the complainant and an employee evaluation/job performance record of the subject of the complaint. Moreover, if not produced at the behest of the employer, it might simultaneously constitute a personnel record of the complainant and of the subject of the complaint. In theory, such dual characterizations of a document could lead to conflicting conclusions regarding whether it should be disclosed pursuant to the FOIA. I have discussed what I believe to be the appropriate approach to resolving such conflicts in the attached Ark. Op. Att'y Gen. No. 2004-012. However, since I do not know whether any such documents exist in this case, I will not repeat my analysis here.